UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:

HWA PROPERTIES, INC.,                          Case No. 9:14-BK-11774-FMD
                                               Chapter 11

        Debtor.
_____/

**ORDER ON BCB TARPON, LLC'S**
**MOTION TO DETERMINE THE AUTOMATIC STAY DOES**
**NOT APPLY, OR, IN THE ALTERNATIVE, FOR RELIEF FROM AUTOMATIC STAY**
**(Doc. No. 34)**

THIS CASE came before the Court for preliminary hearing on February 9, 2015, at 10:30 a.m., to consider BCB Tarpon, LLC's *Motion to Determine the Automatic Stay Does  not Apply, or, in the Alternative, for Relief from Automatic Stay* (Doc. No. 34) (the "**Stay Relief Motion**") filed by BCB Tarpon, LLC ("**BCB**" or "**Movant**").  Appearances were made as reflected on the record.  The Court has considered the Stay Relief Motion, together with the record and the arguments and proffers of counsel, and for the reasons stated orally in open court that shall constitute the decision of the Court as if fully incorporated herein, it is

    **ORDERED:**

1.      The Motion is **GRANTED.**

2.      Except as set forth herein, the automatic stay imposed by Section 362 of the Bankruptcy Code does not apply to BCB pursuing collection of its final judgment against Harry Albright. The automatic stay remains in place regarding actions against the Debtor or property of the estate.

{00253605.DOCX;4}                          1

3.      Specifically, but without limiting the relief in paragraph 2 above, BCB may (i) file and prosecute a complaint against Mr. Albright[1] and Mrs. Albright, and other non-debtor entities for the recovery of potential fraudulent transfers, except BCB shall not pursue any potential avoidable transfers of property of the Debtor; (ii) compel Mr. Albright to complete a Florida Rule of Civil Procedure Form 1.977 fact information sheet and all required attachments as prescribed by Florida Rule of Civil Procedure 1.560 in connection with the Final Judgment; (iii) initiate and prosecute proceedings supplementary to collect BCB's Final Judgment against Mr. Albright; and (iv) pursue seizure of Mr. Albright's interest in the stock of the Debtor.

4.      However, if BCB does acquire an interest in the stock of the Debtor, BCB shall not take any actions related to the corporate governance of the Debtor, including, but not limited to, changing or modifying the Board of  Directors or Officers of the Debtor, absent separate motion and order by the Bankruptcy Court.

**DONE** and **ORDERED** in Chambers at Tampa, Florida.

DATED:   March 09, 2015

Caryl E. Delano
United States Bankruptcy Judge

Attorney Eric Jacobs is directed to serve a copy of this order on the interested parties who are non-CM/ECF users and to file proof of service within three (3) days of the entry of the order.

---

[1] All terms not defined herein shall be defined as in the Stay Relief Motion.

{00253605.DOCX;4}                                    2