ORDERED.

**Dated:  May 20, 2015**

Caryl E. Delano
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                                          Case No. 9:14-bk-11774-FMD
                                                                                    Chapter 11
HWA PROPERTIES, INC.,

         Debtor.
_____/

### ORDER DIRECTING MEDIATION, APPOINTING MEDIATOR, AND ESTABLISHING MEDIATION COMPENSATION

This case came on for consideration on the Debtor's *Ore Tenus* Motion to Compel Mediation of Confirmation Issues (the "**Motion**") raised at a hearing held on April 22, 2015 at 10:00 a.m. in connection with confirmation of the Debtor's Plan (Doc. No. 49) (the "**Plan**"), and the objections to confirmation filed by BCB Tarpon, LLC (Doc. No. 86) and Community & Southern Bank (Doc. No. 91) (collectively, the "**Objections**").  The Plan provides, inter alia, for an equity auction of the interests in the reorganized debtor, with Tarpest, LLC ("**Tarpest**") as the stalking horse.  The Motion requested that the Court directed the Debtor, Tarpest, Branch Banking & Trust Company ("**BB&T**"), BCB Tarpon, LLC ("**BCB**"), and Community &

{00258557.DOCX;2}

Southern Bank ("**C&S**", and together with the Debtor, BB&T, BCB, the "**Parties**"), to mediation of disputes in connection with the Plan, the Objections, and the other contested matters on the calendar at the April 22 hearing (collectively, the "**Contested Matters**").  The Court also scheduled the Contested Matters for a continued preliminary, non-evidentiary hearing for June 17, 2015 at 11:00 a.m.  In accordance with M.D. Fla. L.B.R. 9019-2, the Court finds that the nature of this dispute may be resolved by mediation.  Accordingly, it is

ORDERED that:

1.      The Motion is granted.

2.      The Parties have selected Elizabeth Green as mediator (the "**Mediator**"), who is appointed as mediator in this case in accordance with M.D. Fla. L.B.R. 9019-2.

3.      The Mediator shall be entitled to compensation at her normal hourly rate, to be as agreed to between the Parties or as otherwise ordered by the Court.  The Debtor is authorized to pay its share of the mediation expenses without further order of the Court.

4.      The parties are ordered to comply with such pre-mediation requirements and procedures with respect to the mediation, as may be required by the Mediator.

5.      Each party shall attend the mediation with counsel and the individual client or corporate client representative with full and absolute authority to agree to a mediated settlement.  If an impasse is reached with respect to the mediation as a result of the failure of a party to comply with this requirement, such party shall be liable for sanctions to include payment of all fees incurred by the other Parties to this case in connection with the mediation.

6.      The Court requests that within five (5) days following the conclusion of the mediation conference, the Mediator shall file a mediation report indicating whether the maters

were settled, was continued with the consent of the Parties, or whether the Mediator was forced to declare an impasse.

7. Until the mediation is concluded, the Parties may engage in discovery related to the Contested Matters, limited only to document production requests. The Parties shall not schedule any depositions or examinations, and shall continue any existing depositions or examinations scheduled pursuant to Federal Rule of Bankruptcy Procedure 2004, related to the Contested Matters. This relief relates only to the Contested Matters and the bankruptcy case and shall not stay any discovery involving the Parties, or any third parties, in any other litigation in other courts.

Attorney Daniel R. Fogarty is directed to serve a copy of this order on interested parties who are non-CM/ECF users and to file a proof of service within 3 days of entry of the order.