ORDERED.

**Dated:  June 08, 2015**

Caryl E. Delano
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

HWA PROPERTIES, INC.,                                      Case No.:  9:14-bk-11774-FMC
                                                          Chapter 11

                     Debtor.

_____/

**ORDER ON BCB'S MOTION TO MODIFY OR, ALTERNATIVELY,
FOR LIMITED RECONSIDERATION OF ORAL RULING DIRECTING PARTIES
TO MEDIATION, IMPOSING DISCOVERY LIMITATIONS,
AND NOT APPOINTING A CHAPTER 11 TRUSTEE**

THIS CASE came on for hearing on May 20, 2015, at 10:30 a.m., upon consideration of

BCB Tarpon, LLC's ("**BCB**") *Motion to Modify or, Alternatively, for Limited Reconsideration of*

*Oral Ruling Directing Parties to Mediation, Imposing Discovery Limitations, and Not*

*Appointing a Chapter 11 Trustee* (the "**Motion**") (Doc. No. 111).  Appearances were made as

reflected on the record. The Court, having considered the Motion, the response thereto, and the

arguments and proffers of counsel, together with the record, and for the reasons stated orally and

recorded in open court that shall constitute the decision of the Court as if fully set forth herein,

finds as follows:

{00259779.DOCX;2}

1.      The Motion is **GRANTED IN PART** and **DENIED IN PART** as more fully set forth below.

2.      The mediation scheduled for June 2, 2015, will take place.

3.      Not later than May 28, 2015, HWA Properties, Inc. (the "**Debtor**" or "**HWA**") shall comply with all outstanding document requests and the production of materials which were to have been produced in advance of the February 11, 2015, examination of HWA (the "**HWA 2004 Examination**"), pursuant to the *Notice of Taking Videotaped Rule 2004 Examination of the Debtor's Corporate Representative(s)*[1] (Doc. No. 35) (the "**HWA 2004 Notice**"), including, without limitation, the following documents, if any, within the possession, custody, or control of HWA:

a.  Email communications relating to any and all documents requested in the HWA 2004 Notice;
b.  The name and contact information of Allied Capital Corporation's technology/IT consultant;
c.  Copies of the actual mortgages executed between the Debtor and Least, LLC;
d.  All documentation indicating that Least had a lien on the Michigan property which was sold in 2014;
e.  All documentation indicating Least should have received the proceeds from the sale of the Michigan property;
f.  All documentation verifying statements regarding Least on the Debtor's schedules;
g.  Any documents relating to the transfer of the Westnedge Property from HWA;
h.  Any documents relating to K-Zoo's foreclosure of real property in Michigan, including documents showing why a receiver was placed during this proceeding;
i.  Any materials used by the Debtor in the past to market the Tarpon Properties;
j.  Any documents evidencing the Debtor's relationship with Ted Stout;
k.  Any marketing or other materials Mr. Stout prepared in the past, or about which Mr. Albright testified during the HWA 2004 Examination; and

---

[1] Defined terms used in this and subsequent paragraphs of this Order shall have the meanings set forth in the HWA 2004 Notice.

l.    Any documents showing MLS or similar listings of the Debtor's real property in the four years pre-petition.

4.    Not later than May 28, 2015, FMIRE, Inc., TarpEst, LLC, Least, LLC, and HAS Operating, LLC, shall comply with the past-due document productions pursuant to the subpoenas and 2004 notices issued to them by BCB.

5.    Without prejudice to BCB's right to object on any grounds, save insufficient notice, and only in the event that mediation is not successful, counsel for BCB and the Debtor shall select a mutually convenient time and date, between June 3 and June 16, 2015, for the deposition *duces tecum* of BCB's corporate representative to take place.

6.    In the event mediation is not successful, counsel for BCB and Mrs. Albright shall select a mutually convenient time and date, between June 3 and June 16, 2015, for the 2004 examination of Mrs. Albright to take place, both as an individual and in her capacity as the corporate representative for FMIRE, Inc., TarpEst, LLC, Least, LLC, and HAS Operating, LLC.

7.    Counsel for the Debtor shall request Mr. Albright's State Court counsel to facilitate Mr. Albright's appearance for the purpose of a deposition in aid of execution before a general magistrate or other similarly positioned individual as provided for under relevant State law, provided that no deposition scheduled in the state court action shall include any questions about the Debtor's assets.

8.    All remaining relief is denied without prejudice.

**DONE AND ORDERED** in chambers at Tampa, Florida.

*Attorney Eric Jacobs is directed to serve a copy of this order on the interested parties and file proof of service within three (3) days of entry of the order.*