ORDERED.

Dated:  December 16, 2015

_____

Caryl E. Delano
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:

HWA PROPERTIES, INC.,                         Case No. 9:14-bk-11774-FMD
                                                              Chapter 11

         Debtor.

_____/

**ORDER GRANTING TRUSTEE'S AMENDED MOTION TO (A) SELL REAL
PROPERTY FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363; AS
SUPPLEMENTED, AND (B) APPROVE SURCHARGE FOR ESTATE**
**(Doc. Nos. 301, 303, 305, 307)**

THIS MATTER came before the Court for hearing on December 16, 2015 (the "Hearing"), to consider the Chapter 11 Trustee's Motion/Amended Motion to (A) Sell Real Property Free and Clear of Liens Pursuant to 11 U.S.C. § 363 and (B) Approve Surcharge for Estate (Doc.  No. 301,303) ("Amended Motion"), as supplemented by the (1) Supplement to Trustee's Motion to (A) Sell Real Property Free and Clear of Liens Pursuant to 11 U.S.C. § 363 and (B) Approve Surcharge for Estate (Doc. No. 305) (the "First Supplement") and (2) the Second Supplement to Trustee's Motion to (A) Sell Real Property Free and Clear of Liens Pursuant to 11 U.S.C. § 363 and (B) Approve Surcharge for Estate (Doc. No. 307) ("Second Supplement") (collectively the Amended Motion, First Supplement, and Second Supplement are herein referred to as the "Motion to Sell").

The Court, having reviewed the Motion to Sell, heard evidence and argument of counsel, having noted no objections were filed to the Motion to Sell, and the consent by various lienholders, and otherwise being advised in the premises, and for the reasons stated in open court that shall constitute the findings and determinations of this Court, finds that the Motion to Sell should be granted.  Accordingly, it is

**ORDERED as follows:**

1. The Motion to Sell is granted.

2. One or more of the requirements of Section 363(f)(1)-(5) of the Bankruptcy Code have been satisfied in that those parties, if any, with claims or interests in the Lots (defined below) that did not object or that withdrew their objections to the Motion to Sell are deemed to have consented pursuant to Section 363(f)(2) of the Bankruptcy Code.  The oral objection to the amount to be paid to Tarpon Point Estate Homeowner's Association, Inc., is resolved as stated herein.  To the extent that any parties have not consented or been deemed to have consented, such parties with claims or interests in the real property fall within one or more of the other subsections of sections 363(f) of the Bankruptcy Code.

3. The Trustee is authorized, pursuant to 11 U.S.C. § 363(f), to sell the parcels of real property described below free and clear of all liens, claims, and encumbrances, as follows:

   a. Lot 5, 6026 Tarpon Estates to James Rizzo and Suzanne Rubinetti, for $163,000.00 (Exhibit A to Doc. No. 301), recorded as

      i. **Lot 5, Block 7025, Tarpon Point, a replat of a portion of Unit 77, Cape Coral Florida, as per the plat recorded in Plat Book 73, Pages 70 through 79, inclusive, Public Records of Lee County, Florida**.

   b. Lot 3 and Lot 4, 6043 and 6022 Tarpon Estates, to Robert and Brenda Bryant, for $165,000.00 each, or a total of $330,000.00 (Exhibit A to Doc. No. 305)

recorded as:

      i. **Lot 3 and 4, Block 7025, Tarpon Point, a replat of a portion of Unit 77, Cape Coral Florida, as per the plat recorded in Plat Book 73, Pages 70 through 79, inclusive, Public Records of Lee County, Florida**.

c. Lot 41, 6095 Tarpon Estates, to Jenna M. Messina, for $150,000.00 (Exhibit A to Doc. No. 307) recorded as:

      i. **Lot 41, Block 7025, Tarpon Point, a replat of a portion of Unit 77, Cape Coral Florida, as per the plat recorded in Plat Book 73, Pages 70 through 79, inclusive, Public Records of Lee County, Florida**.

d. Lot 44, 6081 Tarpon Estates, to Tina Gerard, for $182,000.00 (Exhibit B to Doc. No. 301)

      i. **Lot 44, Block 7025, Tarpon Point, a replat of a portion of Unit 77, Cape Coral Florida, as per the plat recorded in Plat Book 73, Pages 70 through 79, inclusive, Public Records of Lee County, Florida**.

(Collectively, Lots 3, 4, 5, 41 and 44 are referred to herein as the "Lots").

4.     The sale of the Lots shall be free and clear of liens, claims and encumbrances pursuant to Section 363(f) with all liens, claims, and encumbrances attaching to the sale proceeds and/or to be dealt with as follows:

a. Liens shall be satisfied and sale proceeds distributed in the approximate amounts as set forth in the attached **Exhibit A[1]**;

b. The lien by virtue of the Mortgage given to OptimumBank, a Florida banking corporation, dated July 15, 2005, filed August 24, 2005, and recorded in O.R. Book 4862, Page 4670, Assignment of Leases, Rents and Profits recorded in O.R. Book 4862 Page 4689, as assigned to FineMark National Bank & Trust by Assignment of Mortgage recorded in ORI 2013000115817; and as

---

[1] Any outstanding real estate taxes due for the Lots will be paid at closing.  Real estate taxes for the current year will be prorated as of the date of closing.  Any outstanding homeowners' association assessments for quarterly and annual dues, lawn mowing charges, late fees, interest, and estoppel letter preparation charges only, for the Lots will be paid at closing.  Current assessments shall be prorated as of the date of closing.

modified by instruments recorded in ORI 2007000319288; ORI 2013000115818; ORI 2014000019914; ORI 2014000019915; ORI 2014000019916; ORI 2014000117430 and ORI 2015000156527, is released with respect to the Lots by consent of Finemark National Bank & Trust without payment;

c. The lien by virtue of the Mortgage in favor of Colonial Bank, N.A., dated September 26, 2003, and recorded September 26,2003, in OR Book 4073, Page 1043; together with Assignment of Leases, Rents and Profits recorded in OR Book 4073 Page 1055 and in ORI 2006000051327; and as assigned to Branch Banking and Trust Company pursuant to Assignment of Security Instruments and Other Loan Documents recorded in ORI 2009000287630; and modified by the following instruments recorded in OR Book 4170, Page 3603; ORI 2006000051326; ORI 2006000051328; ORI 2006000070704; ORI 2008000143200 and ORI 2013000045776, attaches to the proceeds as described in Exhibit A.

5. The Court finds that pursuant to 11 U.S.C. § 363(b) requisite notice of the Motion to Sell was given, that the notice of the Hearing on the Motion to Sell was sent to all creditors, and that all parties were given an opportunity to be heard at the Hearing.

6. The Court finds that the sales of the Lots constitute the highest and best offers and sales of the Lots as requested in the Motion to Sell are in the best interest of the estate.

7. The Trustee is authorized to disburse to the lienholders such approximate amounts as set forth in Exhibit A attached hereto, at the closing of the Lots for release of such liens upon the Lots.

8. The entry of this Order constitutes authorization to pay fees of the brokers at closing of the Lots, as detailed in the Motion to Sell and Exhibit A.

7. The entry of this Order constitutes authorization of the Trustee to surcharge 5% of the gross sale price against the lienholders for the benefit of the estate at closing. Such proceeds shall not be disbursed by the Trustee without further order of this Court.

8. The Court finds that the sale of the Lots is in good faith and that the Purchasers are good faith purchasers within the meaning of 11 U.S.C. § 363(m).

4

9.      The Trustee is authorized to execute any and all documents required of behalf of the estate to effectuate closing of the sales of the Lots.

10.     There shall be no stay of this Order pursuant to Rule 62(a), Federal Rules of Civil Procedure, or Rule 6004(h), Federal Rules of Bankruptcy Procedure, and the Trustee is authorized to close on the sale of the above-referenced property upon entry of this Order.

11.     The provisions of this Order shall be binding on the Debtor(s), all creditors, the Purchaser and all parties holding a claim against the Debtor(s), or a lien, claim or interest in the property being sold, regardless of whether they have appeared in this case.

****

Attorney Stephanie C. Lieb is directed to serve a copy of this order on interested parties who are non-CM/ECF users and to file a proof of service within three days of entry of the order.



EXHIBIT A

HWA Properties -Current Pending Sales Estimated Closing Statement

| Lot Number | Secured Creditor | Listing Price | Sale Price | Taxes 2012-2015 * | HOA fees due * | Future HOA Fees | Commission Retail | Estate Surcharge | Closing Costs | Net to BB&T |
|---|---|---|---|---|---|---|---|---|---|---|
| 5 | BB&T | 162,000 | 163,000 | 9,404 | 779 | - | 9,780 | 8,150 | 3,049 | 131,838 |
| 44 | BB&T | 162,000 | 182,000 | 6,577 | 779 | 151 | 9,100 | 9,100 | 3,277 | 153,015 |
| 3 | BB&T | 162,000 | 165,000 | 8,813 | 779 | - | 9,900 | 8,250 | 2,701 | 134,556 |
| 4 | BB&T | 162,000 | 165,000 | 8,903 | 779 | - | 9,900 | 8,250 | 2,701 | 134,466 |
| 41 | BB&T | 145,000 | 150,000 | 5,321 | 779 | - | 9,000 | 7,500 | 2,943 | 124,457 |
| | | 793,000 | 825,000 | 39,019 | 3,897 | 151 | 47,680 | 41,250 | 14,671 | **678,332** |

* These numbers shall be adjusted to correspond to Footnote 1 in the Order Granting Motion to Sell.